# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYLING AUXILIADORA MOLINA CHAVARRIA, <br><br> Petitioner, <br><br> v. <br><br> MARKWAYNE MULLIN, et al., <br><br> Respondents. | CASE NO. 2:26-cv-04658-SK <br><br> **ORDER GRANTING HABEAS PETITION** |

Petitioner, a native and citizen of Nicaragua currently detained at the Adelanto Detention Facility, seeks habeas relief under 28 U.S.C. § 2241. (ECF 1 at 2). Detained since February 2026, Petitioner was denied a bond hearing on the ground that the immigration judge lacked jurisdiction to consider release on bond under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* at 7). She alleges that her continued detention without a bond hearing violates the Immigration and Nationality Act. (*Id.* at 11-12). Relevant here, the parties agree that Petitioner is a member of the Bond Eligible Class subject to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (ECF 1 at 11; ECF 9 at 3; ECF 10 at 2).

As a result, there is no dispute that Petitioner is entitled to an individualized custody determination under 8 U.S.C. § 1226(a). *See, e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing

where "Respondents concede[d] that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*").  And to meet that condition, the court that entered judgment in *Maldonado Bautista* has consistently required the Government to bear the burden of showing by clear and convincing evidence that any Bond Eligible Class member should be detained pending removal proceedings.  *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and respondents offer none—to give Petitioner a lesser or different form of relief than that being given to Bond Eligible Class members by the *Maldonado Bautista* court.

* * *

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is thus GRANTED consistent with the declaratory judgment in *Maldonado Bautista* and other orders by the court that entered judgment there.  Within 7 days of this order, Respondents are ORDERED to release Petitioner, unless she is provided with the individualized bond hearing under 8 U.S.C. § 1226(a) at which the Government must prove by clear and convincing evidence that Petitioner should be detained pending removal proceedings.

To that end, the immigration judge must exercise her discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal.  *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).  The immigration judge must also provide a statement of reasons, orally or in writing, for her decision.  *See* 8 C.F.R. § 1003.19(f).  Those reasons must be adequate to permit meaningful review by the BIA (or

any other reviewing body) if an appeal is taken by either party. *See* 8 C.F.R. § 1003.38.

The parties must file a joint status report within 48 hours of Petitioner's release or compliance with this conditional writ.

IT IS SO ORDERED.


DATED: May 13, 2026

HON. STEVE KIM
United States Magistrate Judge

3